TM:ML/BH
F.#2012R01664

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ DEC 1 6 2015 ★

**BROOKLYN OFFICE**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

    - against -

JOVAN RENDON-REYES,
    also known as "Jovani,"
SAUL RENDON-REYES,
    also known as "Satanico,"
GUILLERMINA RENDON-REYES,
FRANCISCO RENDON-REYES,
    also known as "Pancho,"
JOSE RENDON-GARCIA,
    also known as "Gusano,"
FELIX ROJAS,
ODILON MARTINEZ-ROJAS,
    also known as "Chino" and "Saul," and
SEVERIANO MARTINEZ-ROJAS,
    also known as "Negro," "Gato" and
    "Arturo,"

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

S U P E R S E D I N G
I N D I C T M E N T

Cr. No. 15-348 (S-1) (ERK)
(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv),
1324(a)(1)(A)(v)(I),
1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i),
1324(a)(1)(B)(ii), 1324(b); T. 18, U.S.C.,
§§ 371, 981(a)(1)(C), 982(a)(1),
982(a)(6), 1591(a)(1), 1591(a)(2),
1591(b)(1), 1591(b)(2), 1591(d), 1594(c),
1594(d), 1952(a)(1)(A), 1952(b)(1),
1956(h), 1962(c), 1962(d), 1963, 1963(a),
1963(m), 2422(a), 2423(a), 2423(e),
2428, 2 and 3551 et seq.; T. 21,
U.S.C., § 853(p); T. 28, U.S.C.,
§ 2461(c))

THE GRAND JURY CHARGES:

<u>INTRODUCTION TO ALL COUNTS</u>

At all times relevant to this Indictment, unless otherwise indicated:

<u>The Enterprise</u>

1.    The defendants JOVAN RENDON-REYES, also known as "Jovani,"

SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES,

1

FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," were members and associates of the "Rendon-Reyes Trafficking Organization," a criminal organization that operated in Queens, New York; Atlanta, Georgia; and Jemison, Alabama, among other locations.   Members and associates of the Rendon-Reyes Trafficking Organization engaged in various forms of criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

2.     The Rendon-Reyes Trafficking Organization, including its leadership, members and associates, constituted an "enterprise" as defined by Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.   The Rendon-Reyes Trafficking Organization constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise.   The enterprise was engaged in, and its activities affected, interstate and foreign commerce.

<u>The Purposes of the Enterprise</u>

3.     The purposes of the enterprise included the following:

a.     Enriching the members and associates of the enterprise through criminal activity, including but not limited to sex trafficking of women and minor girls, prostitution, alien smuggling, alien harboring and money laundering.

b.     Promoting and enhancing the enterprise and the activities of its members and associates.

2

c.      Preserving and protecting the enterprise through the use of intimidation, threats of violence and acts of violence, including assaults and beatings to keep victims in fear.

d.      Concealing the enterprise and the activities of its members and associates from law enforcement through criminal activity, including but not limited to money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

### Means and Methods of the Enterprise

4.      Among the means and methods by which the defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

a.      Members and associates of the enterprise used force, threats of force, fraud and coercion to cause young women and minor girls from Mexico and Latin America to engage in prostitution in the United States.

b.      Members and associates of the enterprise arranged to smuggle young women and minor girls into the United States, transport them to Queens, New York; Atlanta, Georgia; Jemison, Alabama, and elsewhere, and harbor them at various locations.

c.      Members and associates of the enterprise operated brothels and arranged to transport, and did transport, young women and girls to prostitute at such brothels and other locations, in various states, including but not limited to New York, Connecticut, Georgia, Alabama, Louisiana and Mississippi.

        d.     Members and associates of the enterprise engaged in conduct designed to prevent detection of their identities, their illegal activities and the location of proceeds of those activities.   Those activities included money laundering, witness tampering and attempted witness tampering of individuals, including victims, who were perceived as potential witnesses against members and associates of the enterprise.

<u>COUNT ONE</u>
(Racketeering)

        5.     The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

        6.     In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conduct and participate, directly and indirectly, in the conduct of the affairs of the Rendon-Reyes Trafficking Organization through a pattern of

4

racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5),

consisting of the racketeering acts set forth below.

## RACKETEERING ACT ONE
(Alien Smuggling Conspiracy)

7.     In or about and between December 2004 and November 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA

RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX

ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together

with others, did knowingly and intentionally conspire: (a) to encourage and induce one or more

aliens to come to, enter, and reside in the United States, knowing and in reckless disregard of

the fact that such coming to, entry, and residence was and would be in violation of law, for the

purpose of private financial gain, in violation of Title 8, United States Code, Sections

1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that

one or more aliens had come to, entered, and remained in the United States in violation of law,

to transport and move such alien or aliens within the United States by means of transportation

and otherwise, in furtherance of such violation of law, for the purpose of private financial gain,

in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i);

and (c) knowing and in reckless disregard of the fact that one or more aliens had come to,

entered, and remained in the United States in violation of law, to conceal, harbor, and shield

from detection such alien or aliens in any place, including any building and any means of

transportation, for the purpose of private financial gain, in violation of Title 8, United States

Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i), all in violation of Title 8, United States Code, Section 1324(a)(1)(A)(v)(I).

RACKETEERING ACT TWO
(Conspiracy to Transport Minors)

8.      In or about and between March 2006 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to transport one or more individuals who had not attained the age of 18 years in interstate and foreign commerce, with intent that such individuals engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).

RACKETEERING ACT THREE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #1)

9.      The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Three:

A.      Sex Trafficking (2004 to 2006)

10.      In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce,

6

and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

      B.     Sex Trafficking (2008 to 2009)

      11.    In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

      C.     Interstate Prostitution (2004 to 2006)

      12.    In or about and between December 2004 and December 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign

7

commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

      D.    <u>Interstate Prostitution (2008 to 2009)</u>

      13.    In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants SAUL RENDON-REYES, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #1, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

      E.    <u>Alien Smuggling</u>

      14.    In or about and between December 2004 and February 2005, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #1, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

## RACKETEERING ACT FOUR
### (Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #2)

15.   The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Four:

A.   Sex Trafficking

16.   In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #2 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.   Interstate Prostitution

17.   In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, SAUL RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #2, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    Alien Smuggling

18.    In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES and FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT FIVE
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #3)

19.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Five:

A.    Sex Trafficking of a Minor

20.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force,

10

fraud and coercion would be used to cause Jane Doe #3 to engage in one or more commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

      B.    <u>Transportation of a Minor</u>

      21.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and foreign commerce, with intent that Jane Doe #3 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

      C.    <u>Interstate Prostitution</u>

      22.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #3, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

D.   Alien Smuggling

23.   In or about and between March 2006 and July 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SIX
(Sex Trafficking/Alien Smuggling – Jane Doe #4)

24.   The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Six:

A.   Sex Trafficking

25.   In or about and between March 2007 and May 2008, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #4, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud

12

and coercion would be used to cause Jane Doe #4 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Alien Smuggling

26.     In or about and between March 2007 and November 2007, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #4, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT SEVEN
(Sex Trafficking of a Minor/Transportation of a Minor/Interstate Prostitution/
Alien Smuggling – Jane Doe #5)

27.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Seven:

A.     Sex Trafficking of a Minor

28.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, an individual whose identity is known to the Grand

13

Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Transportation of a Minor

29.     In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution, in violation of Title 18, United States Code, Sections 2423(a) and 2.

C.     Interstate Prostitution

30.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #5, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

14

D.    Alien Smuggling

31.    In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT EIGHT
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #6)

32.    The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eight:

A.    Sex Trafficking

33.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts,

15

knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.    <u>Interstate Prostitution</u>

34.    In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, JOSE RENDON-GARCIA, FRANCISCO RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #6, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.    <u>Alien Smuggling</u>

35.    In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, FELIX ROJAS and ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

## RACKETEERING ACT NINE
(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #7)

36.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Nine:

A.     Sex Trafficking

37.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

38.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama and elsewhere, the defendants SAUL RENDON-REYES, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #7, to travel in interstate

17

and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

C.     Alien Smuggling

39.     In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas and elsewhere, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter, and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

RACKETEERING ACT TEN<br>(Sex Trafficking/Interstate Prostitution/Alien Smuggling – Jane Doe #8)

40.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Ten:

A.     Sex Trafficking

41.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving

18

anything of value, from participation in a venture which engaged in such acts, knowing that

force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more

commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1),

1591(a)(2) and 2.

      B.     Interstate Prostitution

      42.    In or about and between April 2009 and January 2014, both dates being

approximate and inclusive, within the Northern District of Georgia and elsewhere, the

defendants JOSE RENDON-GARCIA and FELIX ROJAS, together with others, did

knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane

Doe #8, to travel in interstate and foreign commerce to engage in prostitution, in violation of

Title 18, United States Code, Sections 2422(a) and 2.

      C.     Alien Smuggling

      43.    In or about and between April 2009 and June 2010, both dates being

approximate and inclusive, within the District of Arizona and elsewhere, the defendants JOSE

RENDON-GARCIA and FELIX ROJAS, together with others, did knowingly and

intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in

the United States, knowing and in reckless disregard of the fact that such coming to, entry and

residence was and would be in violation of law, for the purpose of private financial gain, in

violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and

1324(a)(1)(A)(v)(II).

RACKETEERING ACT ELEVEN
(Sex Trafficking/Interstate Prostitution/Alien Smuggling/
Obstruction of Justice – Jane Doe #9)

44.     The defendants named below committed the following acts, any of which alone constitutes Racketeering Act Eleven:

A.     Sex Trafficking

45.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #9, an individual whose identity is known to the Grand Jury, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #9 to engage in one or more commercial sex acts, in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2) and 2.

B.     Interstate Prostitution

46.     In or about and between April 2010 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #9, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

20

C.    Alien Smuggling

47.    In or about and between April 2010 and November 2010, both dates being approximate and inclusive, within the District of Arizona and elsewhere, the defendant ODILON MARTINEZ-ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

D.    Obstruction of Justice

48.    In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia and elsewhere, the defendants ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591, in violation of Title 18, United States Code, Sections 1591(d) and 2.

RACKETEERING ACT TWELVE
(Interstate Prostitution/Alien Smuggling – Jane Doe #10)

49.    The defendant named below committed the following acts, either of which alone constitutes Racketeering Act Twelve:

A.     <u>Interstate Prostitution</u>

50.     In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, an individual whose identity is known to the Grand Jury, to travel in interstate and foreign commerce to engage in prostitution, in violation of Title 18, United States Code, Sections 2422(a) and 2.

B.     <u>Alien Smuggling</u>

51.     In or about and between August 2007 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(B)(i) and 1324(a)(1)(A)(v)(II).

<u>RACKETEERING ACT THIRTEEN</u>

(Money Laundering Conspiracy/Distribution of Proceeds of a Prostitution Business)

52.     The defendants named below committed the following acts, either of which alone constitutes Racketeering Act Thirteen:

22

A.    Money Laundering Conspiracy

53.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally conspire to conduct one or more financial transactions in and affecting interstate and foreign commerce, which in fact involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, in violation of Title 18, United States Code, Section 1956(h).

B.    Distribution of Proceeds of a Prostitution Business

54.    In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON

23

MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity, in violation of Title 18 United States Code, Sections 1952(a)(1)(A), 1952(b)(1) and 2.

(Title 18, United States Code, Sections 1962(c), 1963 and 3551 et seq.)

## COUNT TWO
(Racketeering Conspiracy)

55. The allegations contained in paragraphs 1 through 4 are realleged and incorporated as though fully set forth in this paragraph.

56. In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York, the Northern District of Georgia, the Middle District of Alabama, the District of Arizona, the Southern District of Texas and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others,

24

being persons employed by and associated with the Rendon-Reyes Trafficking Organization, an enterprise that engaged in, and the activities of which affected, interstate and foreign commerce, did knowingly and intentionally conspire to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, as defined in Title 18, United States Code, Sections 1961(1) and 1961(5).

57.     The pattern of racketeering activity through which the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA, FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, agreed to conduct the affairs of the enterprise consisted of the acts set forth in paragraphs 7 through 54 of Count One of this Indictment, as Racketeering Acts One through Thirteen, which are realleged and incorporated as if fully set forth herein.   Each defendant agreed that a conspirator would commit at least two acts of racketeering in the conduct of the affairs of the enterprise.

(Title 18, United States Code, Sections 1962(d), 1963 and 3551 et seq.)

COUNT THREE
(Sex Trafficking Conspiracy)

58.     In or about and between January 2009 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as

25

"Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to recruit, entice, harbor, transport, provide, obtain and maintain by any means one or more persons, in and affecting interstate and foreign commerce, and to benefit, financially and by receiving anything of value, from participation in a venture that engaged in such acts, knowing, and in reckless disregard of the fact, that (1) means of force, threats of force, fraud, coercion and a combination of such means would be used to cause such persons to engage in one or more commercial sex acts, and (2) such persons had not attained the age of 18 years and would be caused to engage in one or more commercial sex acts, which offense was effected by force, fraud, coercion and a combination such means, contrary to Title 18, United States Code, Sections 1591(a)(1) and 1591(a)(2).

(Title 18, United States Code, Sections 1594(c) and 3551 et seq.)

## COUNT FOUR
(Alien Smuggling Conspiracy)

59.     In or about and between December 2004 and November 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire: (a) to encourage and

26

induce one or more aliens to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iv) and 1324(a)(1)(B)(i); (b) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to transport and move such alien or aliens within the United States by means of transportation and otherwise, in furtherance of such violation of law, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(ii) and 1324(a)(1)(B)(i); and (c) knowing and in reckless disregard of the fact that one or more aliens had come to, entered and remained in the United States in violation of law, to conceal, harbor, and shield from detection such alien or aliens in any place, including any building and any means of transportation, for the purpose of private financial gain, in violation of Title 8, United States Code, Sections 1324(a)(1)(A)(iii) and 1324(a)(1)(B)(i).

(Title 8, United States Code, Section 1324(a)(1)(A)(v)(I); Title 18, United States Code, Section 3551 et seq.)

## COUNT FIVE
(Interstate Prostitution Conspiracy)

60.     In or about and between December 2004 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as

"Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally conspire to persuade, induce, entice and coerce one or more individuals to travel in interstate and foreign commerce to engage in prostitution, contrary to Title 18, United States Code, Section 2422(a).

61.     In furtherance of the conspiracy and to effect its objectives, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, SAUL RENDON-REYES, GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, JOSE RENDON-GARCIA FELIX ROJAS, ODILON MARTINEZ-ROJAS and SEVERIANO MARTINEZ-ROJAS, together with others, committed and caused to be committed, among others, the following overt acts:

OVERT ACTS

a.     In or about and between September 2005 and October 2005, the defendant ODILON MARTINEZ-ROJAS directed Jane Doe #1 to travel to cities outside of Georgia, including Queens, New York, to engage in prostitution.

b.     In or about and between January 2006 and April 2006, the defendant SAUL RENDON-REYES, together with others, transported, and arranged to transport, Jane Doe #2 from Mexico to Queens, New York, to engage in prostitution.

c.     In or about and between June 2006 and August 2006, the defendant JOSE RENDON-GARCIA transported, and arranged to transport, Jane Doe #3 from Georgia to Alabama to engage in prostitution at a location controlled by SEVERIANO MARTINEZ-ROJAS.

d.      In or about August 2007, the defendant FRANCISCO
RENDON-REYES transported, and arranged to transport, Jane Doe #10 from Mexico to
Queens, New York, to engage in prostitution.

e.      In or about January 2008, the defendant GUILLERMINA
RENDON-REYES transported, and arranged to transport, Jane Doe #5 from Georgia to
Queens, New York, to engage in prostitution.

f.      In or about and between April 2008 and May 2008, the defendant
JOVAN RENDON-REYES directed Jane Doe #5 to travel from Queens, New York, to
Georgia to engage in prostitution.

g.      In or about August 2008, the defendant FELIX ROJAS
transported, and arranged to transport, Jane Doe #6 from Georgia to Queens, New York, to
engage in prostitution.

h.      In or about February 2009, the defendant ODILON
MARTINEZ-ROJAS directed Jane Doe #1 to travel from Georgia to Alabama to engage in
prostitution at a location controlled by SAUL RENDON-REYES.

(Title 18, United States Code, Sections 371 and 3551 et seq.)

COUNT SIX
(Conspiracy to Transport Minors)

62.     In or about and between March 2006 and July 2008, both dates being
approximate and inclusive, within the Eastern District of New York and elsewhere, the
defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA
RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS,

ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally conspire to transport one or more individuals who had not

attained the age of 18 years in interstate and foreign commerce, with intent that such

individuals engage in prostitution, contrary to Title 18, United States Code, Section 2423(a).

(Title 18, United States Code, Sections 2423(e) and 3551 et seq.)

## COUNT SEVEN
(Sex Trafficking – Jane Doe #1 (2004 – 2006))

63.     In or about and between December 2004 and December 2006, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOVAN RENDON-REYES, also known as "Jovani," ODILON

MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means

a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did

benefit, financially and by receiving anything of value, from participation in a venture which

engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

#1 to engage in one or more commercial sex acts, which offense was effected by means of

force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

## COUNT EIGHT
### (Sex Trafficking – Jane Doe #1 (2008 – 2009))

64.     In or about and between May 2008 and December 2009, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants SAUL RENDON-REYES, also known as "Satanico," ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #1, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #1 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT NINE
### (Sex Trafficking – Jane Doe #2)

65.     In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant SAUL RENDON-REYES, also known as "Satanico," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #2, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

31

#2 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TEN
### (Alien Smuggling -- Jane Doe #2)

66.    In or about and between January 2006 and April 2007, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants SAUL RENDON-REYES, also known as "Satanico," and FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #2, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT ELEVEN
### (Sex Trafficking of a Minor -- Jane Doe #3)

67.    In or about and between March 2006 and October 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice,

32

harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #3, in and

affecting interstate and foreign commerce, and did benefit, financially and by receiving

anything of value, from participation in a venture which engaged in such acts, knowing that

(1) force, fraud and coercion would be used to cause Jane Doe #3 to engage in one or more

commercial sex acts, and (2) Jane Doe #3 had not attained the age of 18 years and would be

caused to engage in one or more commercial sex acts, which offense was effected by means of

force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1),

1591(b)(2), 2 and 3551 et seq.)

COUNT TWELVE
(Transportation of a Minor – Jane Doe #3)

68.     In or about and between March 2006 and October 2006, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as

"Gusano," FELIX ROJAS and SEVERIANO MARTINEZ-ROJAS, also known as "Negro,"

"Gato" and "Arturo," together with others, did knowingly and intentionally transport an

individual who had not attained the age of 18 years, to wit: Jane Doe #3, in interstate and

foreign commerce, with intent that Jane Doe #3 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

COUNT THIRTEEN
(Alien Smuggling – Jane Doe #3)

69.     In or about and between March 2006 and July 2006, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

33

defendants GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #3, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT FOURTEEN
(Sex Trafficking of a Minor – Jane Doe #5)

70.     In or about and between June 2007 and February 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #5, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that (1) force, fraud and coercion would be used to cause Jane Doe #5 to engage in one or more commercial sex acts, and (2) Jane Doe #5 had not attained the age of 18

years and would be caused to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 2 and 3551 et seq.)

## COUNT FIFTEEN
(Transportation of a Minor – Jane Doe #5)

71.    In or about and between June 2007 and July 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally transport an individual who had not attained the age of 18 years, to wit: Jane Doe #5, in interstate and foreign commerce, with intent that Jane Doe #5 engage in prostitution.

(Title 18, United States Code, Sections 2423(a), 2 and 3551 et seq.)

## COUNT SIXTEEN
(Alien Smuggling – Jane Doe #5)

72.    In or about and between June 2007 and January 2008, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," GUILLERMINA RENDON-REYES and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #5, to come to, enter and reside in the United States, knowing and in reckless

35

disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT SEVENTEEN
(Sex Trafficking – Jane Doe #6)

73.     In or about and between November 2007 and February 2010, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #6, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #6 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT EIGHTEEN
(Alien Smuggling – Jane Doe #6)

74.     In or about and between December 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants JOVAN RENDON-REYES, also known as "Jovani," FELIX ROJAS and ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #6, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT NINETEEN
(Sex Trafficking – Jane Doe #7)

75.     In or about and between November 2007 and December 2008, both dates being approximate and inclusive, within the Middle District of Alabama, the defendants SAUL RENDON-REYES, also known as "Satanico," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #7, in and affecting

37

interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #7 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

### COUNT TWENTY
(Alien Smuggling – Jane Doe #7)

76.     In or about and between November 2007 and January 2008, both dates being approximate and inclusive, within the Southern District of Texas, the defendants FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #7, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

### COUNT TWENTY-ONE
(Sex Trafficking – Jane Doe #8)

77.     In or about and between April 2009 and January 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants JOSE

38

RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means a person, to wit: Jane Doe #8, in and affecting interstate and foreign commerce, and did benefit, financially and by receiving anything of value, from participation in a venture which engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe #8 to engage in one or more commercial sex acts, which offense was effected by means of force, fraud and coercion.

(Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2 and 3551 et seq.)

## COUNT TWENTY-TWO
(Alien Smuggling – Jane Doe #8)

78.   In or about and between April 2009 and June 2010, both dates being approximate and inclusive, within the District of Arizona, the defendants JOSE RENDON-GARCIA, also known as "Gusano," and FELIX ROJAS, together with others, did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #8, to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-THREE
(Sex Trafficking – Jane Doe #9)

79.     In or about and between April 2010 and June 2014, both dates being

approximate and inclusive, within the Northern District of Georgia, the defendants ODILON

MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO

MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did

knowingly and intentionally recruit, entice, harbor, transport, provide and obtain by any means

a person, to wit: Jane Doe #9, in and affecting interstate and foreign commerce, and did

benefit, financially and by receiving anything of value, from participation in a venture which

engaged in such acts, knowing that force, fraud and coercion would be used to cause Jane Doe

#9 to engage in one or more commercial sex acts, which offense was effected by means of

force, fraud and coercion.

        (Title 18, United States Code, Sections 1591(a)(1), 1591(a)(2), 1591(b)(1), 2

and 3551 et seq.)

## COUNT TWENTY-FOUR
(Alien Smuggling – Jane Doe #9)

80.     In or about and between April 2010 and November 2010, both dates

being approximate and inclusive, within the District of Arizona, the defendant ODILON

MARTINEZ-ROJAS, also known as "Chino" and "Saul," together with others, did knowingly

and intentionally encourage and induce an alien, to wit: Jane Doe #9, to come to, enter and

reside in the United States, knowing and in reckless disregard of the fact that such coming to,

entry and residence was and would be in violation of law, for the purpose of private financial gain.

(Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et seq.)

## COUNT TWENTY-FIVE
(Obstruction of Justice)

81.    In or about and between May 2013 and June 2014, both dates being approximate and inclusive, within the Northern District of Georgia, the defendants ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo," together with others, did knowingly and intentionally obstruct, attempt to obstruct and in any way interfere with and prevent the enforcement of Title 18, United States Code, Section 1591.

(Title 18, United States Code, Sections 1591(d), 2 and 3551 et seq.)

## COUNT TWENTY-SIX
(Interstate Prostitution – Jane Doe #10)

82.    In or about and between August 2007 and October 2013, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others, did knowingly and intentionally persuade, induce, entice and coerce an individual, to wit: Jane Doe #10, to travel in interstate and foreign commerce to engage in prostitution.

(Title 18, United States Code, Sections 2422(a), 2 and 3551 et seq.)

## COUNT TWENTY-SEVEN
(Alien Smuggling – Jane Doe #10)

83.     In or about and between August 2007 and November 2015, both dates

being approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendant FRANCISCO RENDON-REYES, also known as "Pancho," together with others,

did knowingly and intentionally encourage and induce an alien, to wit: Jane Doe #10, to come

to, enter and reside in the United States, knowing and in reckless disregard of the fact that such

coming to, entry and residence was and would be in violation of law, for the purpose of private

financial gain.

        (Title 8, United States Code, Sections 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(II),

1324(a)(1)(B)(i) and 1324(a)(1)(B)(ii); Title 18, United States Code, Sections 2 and 3551 et

seq.)

## COUNT TWENTY-EIGHT
(Money Laundering Conspiracy)

84.     In or about and between May 2005 and June 2014, both dates being

approximate and inclusive, within the Eastern District of New York and elsewhere, the

defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES,

also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA,

also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as

"Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato"

and "Arturo," together with others, did knowingly and intentionally conspire to conduct one or

more financial transactions in and affecting interstate and foreign commerce, which in fact

involved the proceeds of one or more specified unlawful activities, to wit: (a) sex trafficking

42

and sex trafficking of one or more minors, in violation of Title 18, United States Code, Section 1591; and (b) interstate prostitution, in violation of Title 18, United States Code, Section 2422, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity (a) with the intent to promote the carrying on of one or more specified unlawful activities, and (b) knowing that the transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, the ownership and the control of the proceeds of one or more specified unlawful activities, contrary to Title 18, United States Code, Sections 1956(a)(1)(A)(i) and 1956(a)(1)(B)(i).

(Title 18, United States Code, Sections 1956(h) and 3551 et seq.)

## COUNT TWENTY-NINE
(Distribution of Proceeds of a Prostitution Business)

85.     In or about and between May 2005 and June 2014, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendants JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato," and "Arturo," together with others, did knowingly and intentionally use, and cause to be used, one or more facilities in interstate and foreign commerce, to wit: one or more wire transfer services, with intent to distribute the proceeds of an unlawful activity, to wit: a business enterprise involving prostitution offenses in violation of the laws of the State in which they were committed and of the United States, and thereafter did knowingly and intentionally

43

perform, attempt to perform and cause to be performed, an act to distribute the proceeds of such unlawful activity.

> (Title 18, United States Code, Sections 1952(a)(1)(A), 1952(b)(1), 2 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE AND TWO

86.     The United States hereby gives notice to the defendants charged in Counts One and Two that, upon their conviction of either offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1963, which requires any person convicted of such offenses to forfeit: (a) any interest acquired or maintained in violation of such offenses; (b) any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over any enterprise which the defendants established, operated, controlled, conducted, or participated in the conduct of, in violation of such offense; and (c) any property constituting, or derived from, any proceeds which the defendants obtained, directly and indirectly indirectly, from racketeering activity in violation of such offense.

87.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 1963(m), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property.

(Title 18, United States Code, Sections 1963(a) and 1963(m))

CRIMINAL FORFEITURE ALLEGATION
AS TO COUNTS THREE, SEVEN, EIGHT, NINE, ELEVEN, FOURTEEN, SEVENTEEN, NINETEEN, TWENTY-ONE, TWENTY-THREE AND TWENTY-FIVE

88.     The United States hereby gives notice to the defendants charged in Counts Three, Seven, Eight, Nine, Eleven, Fourteen, Seventeen, Nineteen, Twenty-One, Twenty-Three and Twenty-Five that, upon their conviction of any such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 1594(d), which requires any person convicted of such offenses to forfeit any interest in any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of such offenses, and any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly, as a result of such offenses.

89.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

45

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 1594(d); Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNTS FOUR, TEN, THIRTEEN, SIXTEEN, EIGHTEEN, TWENTY, TWENTY-TWO, TWENTY-FOUR AND TWENTY-SEVEN

90.     The United States hereby gives notice to the defendants charged in Counts Four, Ten, Thirteen, Sixteen, Eighteen, Twenty, Twenty-Two, Twenty-Four and Twenty-Seven that, upon their conviction of any such offenses, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(6), Title 8, United States Code, Section 1324(b) and Title 28, United States Code, Section 2461(c), which require the forfeiture of: (a) any conveyance, including any vessel, vehicle or aircraft used in the commission of such offenses; (b) any property real or personal: (i) that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of such offenses, or (ii) that is used to facilitate, and/or is intended to be used to facilitate, the commission of such offenses; (c) the gross proceeds of such offenses; and/or (d) any property traceable to such conveyance or proceeds.

91.     If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

46

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property that cannot be divided

without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 8, United States Code, Section 1324(b); Title 18, United States Code,

Section 982(a)(6); Title 21, United States Code, Section 853(p); Title 28, United States Code,

Section 2461(c))

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS FIVE, SIX, TWELVE, FIFTEEN AND TWENTY-SIX

92.    The United States hereby gives notice to the defendants charged in

Counts Five, Six, Twelve, Fifteen and Twenty-Six that, upon their conviction of any such

offenses, the United States will seek forfeiture in accordance with Title 18, United States

Code, Section 2428, which requires the forfeiture of any property, real or personal, that was

used or intended to be used to commit or to facilitate the commission of such offenses and any

property, real or personal, constituting or derived from proceeds obtained, directly or

indirectly, as a result of such offenses.

93.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

        (a)   cannot be located upon the exercise of due diligence;

        (b)   has been transferred or sold to, or deposited with, a third party;

        (c)   has been placed beyond the jurisdiction of the court;

        (d)   has been substantially diminished in value; or

        (e)   has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 2428; Title 21, United States Code, Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWENTY-EIGHT

94.   The United States hereby gives notice to the defendants charged in Count Twenty-Eight that, upon their conviction of such offense, the United States will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), which requires the forfeiture of any property, real or personal, involved in such offense, or any property traceable to such property.

95.   If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property described in this forfeiture allegation.

(Title 18, United States Code, Section 982(a)(1); Title 21, United States Code,

Section 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWENTY-NINE

96.     The United States hereby gives notice to the defendants charged in

Count Twenty-Nine, that, upon their conviction of such offense, the United States will seek

forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28,

United States Code, Section 2461(c), which require any person convicted of such offense to

forfeit any property, real or personal, constituting or derived from proceeds traceable to such

offense.

97.     If any of the above-described forfeitable property, as a result of any act

or omission of the defendants:

(a)     cannot be located upon the exercise of due diligence;

49

(b)    has been transferred or sold to, or deposited with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

(e)    has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendants up to the value of the forfeitable

property.

            (Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States

Code, Section 853(p); Title 28, United States Code, Section 2461(c))

                                   A TRUE BILL

                                 *Robert Hoffman*

                                   FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

50

F. #2012R01664
FORM DBD-34
JUN. 85

No. _____

# UNITED STATES DISTRICT COURT

### EASTERN *District of* NEW YORK

### CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

***JOVAN RENDON-REYES, also known as "Jovani," SAUL RENDON-REYES, also known as "Satanico," GUILLERMINA RENDON-REYES, FRANCISCO RENDON-REYES, also known as "Pancho," JOSE RENDON-GARCIA, also known as "Gusano," FELIX ROJAS, ODILON MARTINEZ-ROJAS, also known as "Chino" and "Saul," and SEVERIANO MARTINEZ-ROJAS, also known as "Negro," "Gato" and "Arturo,"***

Defendants.

# SUPERSEDING INDICTMENT

(T. 8, U.S.C., §§ 1324(a)(1)(A)(iv), 1324(a)(1)(A)(v)(I), 1324(a)(1)(A)(v)(II), 1324(a)(1)(B)(i), 1324(b);
T. 18, U.S.C., §§ 371, 981(a)(1)(C), 982(a)(1), 982(a)(6), 1591(a)(1), 1591(a)(2), 1591(b)(1), 1591(b)(2), 1591(d), 1594(c), 1594(d), 1952(a)(1)(A), 1952(b)(1), 1956(h), 1962(c), 1962(d), 1963, 1963(a), 1963(m), 2422(a), 2423(a), 2423(e), 2428, 2 and 3551 et seq.; T. 21, U.S.C., § 853(p); T. 28, U.S.C., § 2461(c))

*A true bill.*

*Robert Heffernan*
_____
                                                    *Foreperson*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 20* _____
_____
                                                    *Clerk*

***Taryn A. Merkl & Margaret E. Lee, Assistant U.S. Attorneys (718) 254-6064/(718) 254-6205***