UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-                                              15 CR 348 (ERK)
                                                          17 CR 208 (ERK)

SEVERIANO MARTINEZ-ROJAS,
                    Defendant.

-----------------------------------------------------------X

# DEFENDANT'S SENTENCING MEMORANDUM

JOHN S. WALLENSTEIN, ESQ.
Attorney for Defendant
1100 Franklin Avenue
Garden City, New York 11530
(516) 742-5600
Fax: (516) 742-5040

1

Email:JSWallensteinEsq@outlook.com

On behalf of Severiano Martinez-Rojas, we respectfully submit this sentencing memorandum to address the key question before the Court: what sentence will be sufficient, but not greater than necessary, to meet the goals of the Sentencing Reform Act? For the reasons demonstrated herein, we respectfully submit that the answer to the question is the mandatory minimum sentence of 15 years.

Mr. Martinez-Rojas entered a guilty plea to the charges in Counts 1 and 19 of Superseding Information S-1, charging him with Racketeering, 18 U.S.C. § 1962(c), and Sex Trafficking (Jane Doe #7), 18 U.S.C. § 1591(a)(1) and (a)(2), and Sex Trafficking 18 U.S.C. § 1591(a) under Indictment # 17 CR 208, which originated in the Northern District of Georgia and was transferred to this District pursuant to Rule 20, F.R.Cr.P.   All charges arose from a lengthy sex trafficking enterprise, involving Mr. Martinez-Rojas, his brother Odilon Martinez-Rojas, and several other family members. Mr. Martinez-Rojas pleaded guilty pursuant to a plea agreement.

## THE SENTENCING GUIDELINES

The PSR has calculated the Sentencing Guidelines, which tracks the calculation in the plea agreement. However, at the time of the plea before United States Magistrate Judge Vera Scanlon, the defendant reserved the right to challenge the Guideline calculation set forth in the plea agreement, and the plea agreement itself does not contain a stipulation to the calculations.

The Guidelines Range computation is complex, involving as it does multiple counts of sex trafficking, racketeering, and money laundering. Mr. Martinez-Rojas has pleaded guilty to two separate (but related) indictments involving both the Eastern District and the Northern District of Georgia.  There is an overlap between the two indictments, in that the charges are similar and based upon the same family involvement in sex trafficking, with at least one victim being involved in both indictments. Thus, while Mr. Martinez-Rojas will be sentenced on each of the two indictments, we respectfully submit that these charges all have their origin in a single scheme, and the sentences should be imposed to run concurrently with each other.

Each of the sex trafficking charges contains additional adjustments, and the one which stands out is the so-called "vulnerable victim" adjustment  *U.S.S.G. § 3A1.1(b)(1)*. The defendant objects to the inclusion of that adjustment, and (in the interest of judicial economy and brevity) adopts herein the reasoning set forth in the detailed sentencing memoranda submitted by Donna Newman, Esq., attorney for co-defendant Felix Rojas, *see ECF # 112*, as well as the arguments advanced by Len Kamdang, Esq., attorney for Francisco Rendon-Reyes, *see ECF # 107,* and Richard Rosenberg, Esq., attorney for  Odilon Martinez-Rojas, *see ECF # 110.* The memoranda referred to contain appropriate citations to controlling and/or persuasive case law, and we urge the Court to apply those arguments to the instant defendant as well.

Both the Government's estimate from the plea agreement and the PSR calculation contain a two level enhancement for obstruction of justice, related to the sex trafficking of Jane Doe #9. The claimed conduct is that Martinez-Rojas threatened her after another defendant's arrest, lest she go to the police. Mr. Martinez-Rojas vehemently denies any such threats, and in the absence of proof (as

3

opposed to mere allegation) we respectfully submit that the Court should not apply such an enhancement.

With respect to Count 1 of the NDGA Indictment, the sex trafficking of FBF, the Government calculation, as contained in the plea agreement, includes an aggravating role adjustment, thus adding two levels. This enhancement is unexplained and unwarranted; Martinez-Rojas' role in the entire offense, and the individual parts thereof, was no worse nor better than any of his co-defendants, and the PSR (¶ 111) supports that. Thus, the Court should not add a role adjustment to any count.

The Guideline calculation, adjusted for the removal of the enhancements as aforesaid, is then as follows:

<u>Sex Trafficking of Jane Doe # 1</u> (Counts 1 & 2, Racketeering Acts3(a) and 3(b); Counts 7 & 8 (EDNY Indictment)

    Base Offense Level      34

<u>Sex Trafficking of Minor Jane Doe # 3</u> (Counts 1 & 2, Racketeering Act 5(a); Count 11 (EDNY Indictment)

    Base Offense Level      34

    Participant unduly influenced minor      +2

    Adjusted Offense Level      36

<u>Sex Trafficking of Jane Doe # 6</u> (Counts 1 & 2, Racketeering Act 8(a); Count 17 (EDNY Indictment)

    Base Offense Level      34

<u>Sex Trafficking of Jane Doe # 7</u> (Counts 1 & 2, Racketeering Act 9(a); Count 19 (EDNY Indictment)

    Base Offense Level      34

<u>Sex Trafficking of Jane Doe # 9</u> (Counts 1 & 2, Racketeering Act 11(a); Count 23 (EDNY Indictment)

      Base Offense Level        34

<u>Sex Trafficking of FBF (Count 1) (NDGA Indictment)</u>

      Base Offense Level        34

<u>Sex Trafficking of MSJ (Count 3) (NDGA Indictment)</u>

      Base Offense Level        34

<u>Sex Trafficking of SAM (Count 5) (NDGA Indictment)</u>

      Base Offense Level        34

<u>Alien Smuggling and Transportation (Counts 1 & 2, Racketeering Acts 1, 3(e) & 9©; Counts 4 & 20 (EDNY Indictment)</u>

      Base Offense Level        12

      Transport 6 to 24 aliens        +3

      Adjusted Offense level        15

<u>Money Laundering Conspiracy (Counts 1 & 2, Racketeering Act 13(a); Count 28(EDNY Indictment)</u>

      Base Offense Level        34

**MULTIPLE COUNT ANALYSIS**

Highest Adjusted Offense level        36

|  |  | LEVEL | UNITS |
|---|---|---|---|
| Group 1: | Jane Doe # 1 | 34 | 1 |
| Group 2: | Jane Doe # 3 | 36 | 1 |
| Group 3: | Jane Doe # 6 | 34 | 1 |
| Group 4: | Jane Doe # 7 | 34 | 1 |
| Group 5: | Jane Doe # 9 | 34 | 1 |
| Group 6: | FBF | 34 | 1 |
| Group 7: | MSJ | 34 | 1 |

| | | | | |
|---|---|---|---|---|
| Group 8: | SAM | 34 | 1 | |
| Group 9: | Alien Smuggling | 15 | 0 | |
| Group 10: | Money laundering | 34 | 1 | |
| Plus: More than 5 levels | | | | +5 |
| Less: Global Disposition | | | | -2 |
| TOTAL: | | | | 39 |
| LESS: Acceptance of Responsibility | | | | -3 |
| TOTAL OFFENSE LEVEL: | | | | 36 |

Given that the defendant is in Criminal History Category I, the Guideline Range of imprisonment is 188-235 months.

**SENTENCING FACTORS**

18 U.S.C. §3553(a) spells out the factors which Congress has mandated this Court to consider in arriving at its sentencing decision. In any sex trafficking case, and particularly one which involves multiple victims, the tendency is to sentence as harshly as possible, because punishment is viewed as the overarching criterion. The Probation Officer even suggests (PSR ¶ 197) that an upward departure (from the PSR calculated range of 292 to 365 months) is warranted, because of the claimed inadequacy of the Advisory Sentencing Guidelines. However, a sentence even close to that range would be far greater than necessary to achieve the sentencing goals set by Congress, and would thus run afoul of the parsimony clause of 3553(a). Rather, considering Severiano's life, and especially the culture of prostitution and sex trafficking which exists in his hometown of Tenancingo,

Mexico[1], and in which he was raised, the Court should give far more credence and weight to his personal characteristics. Severiano grew up literally "dirt poor", often going without sufficient food. He described his childhood as "sad" (PSR ¶ 153). He had no formal education after age 13, and lacked the means to earn a sufficient living. He left home at that age, hoping to earn a living in Mexico City; one can only imagine the stress an adolescent faced, being virtually alone in a large city after having been raised in a small town.  This does not excuse what he has done, but understanding the pressures on a young man in the atmosphere and culture of what has been called "the heart of Mexico's sex-slave trade"[2]    helps one to understand what developed later in life. Severiano has a wife and two adult children in Mexico, and the family is very supportive of him.

Severiano knows he has committed very serious crimes. He has admitted his guilt and described his actions in his plea allocution. He will serve at least 15 years in federal custody. As an undocumented alien he will be ineligible for early release to halfway house. His time inside will be harsh, because (again as a result of his immigration status) he will not be able to participate in many of the programs which the Bureau of Prisons provides as a means of rehabilitation. He will simply be warehoused until he is released, sometime in the year 2031.

He is almost 54 years old, with nothing of consequence to show for his life thus far. He will be in his late sixties when released, and will certainly be deported to Mexico. By then, his health will have deteriorated, and he will be an uneducated, unskilled convicted felon. What then happens to him?

---

[1] The culture of sex trafficking in Tenancingo is well documented, and has been put before Your Honor in the submissions of Ms. Newman and Mr. Rosenberg. See ECF # 112.1; ECF # 110. I hereby adopt those arguments and urge the Court to consider them in crafting Severiano's sentence.
[2] *The Guardian*, April 5, 2015

A sentence of fifteen years, required by law, is harsh in itself, considering Severiano's situation. If the Court were to sentence him as Probation alludes to (an upward departure from 365 months!) he will not survive. Anything approaching such a sentence is a lifetime of incarceration, far more than necessary.

## CONCLUSION

Taking into consideration all of the factors of 18 U.S.C.§ 3553(a), and applying those factors to the defendant's unique circumstances, it is respectfully submitted that a sentence of 180 months, the mandatory minimum, will be sufficient, but not greater than necessary, to serve the ends of justice and the goals of sentencing.

DATED:   GARDEN CITY, NEW YORK
         December 5, 2018

                                                    Respectfully submitted,


                                                    JOHN S. WALLENSTEIN